■ GIANT OPERATING CORP., Respondent, v. TERRA TWENTY TWO, INC., et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered July 1, 1974 in Broome County, which denied defendants' motion for summary judgment on the first and second causes of action alleged in the amended complaint. Plaintiff's first cause of action seeks an injunction to restrain defendants from violating certain restrictive covenants running with the land in plaintiff's chain of title for plaintiff's benefit; and the second cause of action seeks damages for trespass by defendants on plaintiff's property. Defendants' motion for summary judgment dismissing both causes of action was denied on the ground that issues of fact remain unresolved in both causes of action. On May 31, 1967 Park Manor Plaza, Inc. (Park) conveyed to Binghamton Giant Market, Inc., which was plaintiff's predecessor in title, certain premises in the Town of Union, County of Broome, containing 2.739 acres, which parcel was thereafter conveyed to plaintiff. On December 21, 1972 defendants became owner as tenants in common of the property adjacent to the east of plaintiff's property. In the first cause of action, plaintiff alleges that defendants have begun the development of its land lying east of plaintiff's land in violation of the covenants created for plaintiff's benefit in that defendants " have failed and refused to join with the plaintiff in creating a common plan for the development of the plaza so that cars may freely pass from one property to the other; and failed to so develop and construct their property as to make possible free and direct access between the property of the plaintiff and the defendants; have created an arbitrary and unnecessary difference in level between the lands of the plaintiff and the defendants which inhibits the free passage of vehicles to and from each property ". The pertinent covenant in issue provides as follows: " Grantor and grantee do hereby covenant that in the development and use of the premises herein conveyed and in the development and use of the premises owned by grantor lying immediately to the east of the premises conveyed  *  *  *  each party hereto will cooperate with the other laying out its buildings, parking areas and driveways for the common good and usage of each property. In the event, however, that the premises of the grantor lying to the east of the premises conveyed herein shall not be developed by the grantor  *  *  *  within five (5) years from the date hereof, as a shopping center or in the event that the said premises should be used for some purpose other than as a shopping center, the common use of parking areas and ingress and egress mentioned in this paragraph shall cease and terminate." There is no dispute that construction of defendants' shopping center began more than five years after the deed was executed. Plaintiff admits this in paragraph 12 of its amended complaint where it alleges as follows: " That in the month of September, 1972, more than five (5) years after the date of the deed  *  *  *  defendants began development of the property lying to the east of the property of the plaintiff ". Special Term denied the motion to dismiss the first cause of action on the ground that " if the meaning of the restrictive covenants is not obvious from a reading of them, that the true intent of the parties is a question of fact to be determined by the Court after hearing the testimony of the parties." The court relied on plaintiff's assertion that since defendants were working on plans for the development of their property that they had, in fact, developed the property within the five-year period and, therefore, the restrictive covenant for plaintiff's benefit became

effective. We disagree with Special Term's holding, and find that the language used is clear and explicit on its face, and that the record is devoid of any evidence to support plaintiff's claim that defendants had developed their property within the five-year period. (Cf. *Blewett* v. *Hoyt*, 118 App. Div. 227.) Since construction of defendants' shopping center was not begun until after five years from the date of the deed, the plain meaning of the deed provisions forecloses plaintiff's attempt to enforce the covenants. No questions of fact exist to require a trial and the motion for summary judgment on the first cause of action should be granted. Plaintiff alleges in its second cause of action that defendants entered upon plaintiff's land, graded and altered the surface of the land; created a deep and abrupt difference in level between the lands of plaintiff and defendants without providing any adequate lateral support. The affidavits in support of defendants' motion raise both the issues of inadequate support as well as actual intrusion upon plaintiff's lands. Defendants contend that its retaining walls provide adequate support, and that any encroachment on plaintiff's lands was created without plaintiff objecting. Whether plaintiff consented to the encroachment and whether lateral support was adequate are questions of fact, and the motion for summary judgment in the second cause of action was properly denied. Order modified, on the law, by reversing so much thereof as denied defendants' motion for summary judgment on the first cause of action, and by granting said motion, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.